**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2460**

———————

NICOLE NSENGA KYALWE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-254-927)

———————

Submitted: June 17, 2005          Decided: July 29, 2005

———————

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

James Feroli, IMMIGRANT AND REFUGEE APPELLATE CENTER, Alexandria,
Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney
General, M. Jocelyn Lopez Wright, Assistant Director, Office of
Immigration Litigation, Civil Division, C. Alexander Hewes, Jr.,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nicole Nsenga Kyalwe, a native and citizen of the Democratic Republic of the Congo, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of asylum, withholding of removal and protection under the Convention Against Torture (CAT). To obtain reversal of a determination finding no eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the administrative record and the Board's decision and find that Kyalwe fails to show that the evidence compels a contrary result.

Additionally, we uphold the Board's denial of withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). As Kyalwe did not show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

We also find that Kyalwe fails to meet the standard for relief under the CAT. To obtain such relief, an applicant must

establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. 1208.16(c)(2) (2005). We conclude that substantial evidence supports the Board's finding that Kyalwe failed to make the requisite showing.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED